UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DONALD ZELLNER,

        Plaintiff,

    v.

FOREST GROVE SCHOOL DISTRICT,
a public body corporate and political subdivision
of the State of Oregon; JACK MUSSER; DAVE
WILLARD; MIKE STEELE; FRED MARBLE;
DAWN PRATT; SUSAN WINTERBOURNE;
and KENT HUTCHINSON, individually

        Defendants.
_____

Civil No. 05-1128-HA

OPINION
AND ORDER

HAGGERTY, Chief Judge:

    Plaintiff alleges that his former employer, defendant Forest Grove School District, discriminated and retaliated against him in violation of the Federal Family and Medical Leave Act (FMLA), ORS 659A.112, and 42 U.S.C. § 1983. Plaintiff also asserts claims

PAGE 1 - OPINION AND ORDER

for breach of contract, defamation, and intentional interference with future economic relations.

Defendants filed a Motion for Summary Judgment [19] and oral argument was heard on November 20, 2006. For the following reasons, defendants' motion is granted.

**FACTUAL BACKGROUND**

Plaintiff was employed as an Assistant Principal at Neil Armstrong Middle School, part of the Forest Grove School District, beginning in 1998. On September 29, 2004, plaintiff went on sick leave due to anxiety, depression, and stress, allegedly stemming from abusive treatment by his supervisor, Principal Sherry Adams. Plaintiff attempted to return to work in February, 2005, but found that he was unable to do so. On February 16, 2005, plaintiff requested FMLA benefits and filed a Workers' Compensation claim for his alleged disability. Plaintiff was provided the forms for asserting these claims at a meeting he had with Dave Willard, Assistant Superintendent. Defendants assert that plaintiff resigned his employment with the Forest Grove School District at this meeting. Plaintiff denies that he resigned, and claims that he was ready to return to work at the expiration of his FMLA leave in May 2005, but that defendants told him he had resigned and could not return. The school board adopted the recommendation of the administration in not renewing plaintiff's contract of employment on March 14, 2005.

Plaintiff filed a complaint with the Fair Dismissal Appeals Board (FDAB) claiming that he was dismissed inconsistent with statutory standards and federal law. Defendants argued that the FDAB had no jurisdiction over the complaint because plaintiff resigned his position and was not terminated. After an evidentiary hearing, where both parties were

represented by counsel and offered testimony of witnesses, the FDAB issued a Findings of Fact that found plaintiff had resigned his position. Specifically, the FDAB found that plaintiff called Dave Willard on February 15, 2005, and told him he would not be returning to his job and wanted to retrieve his personal belongings. The FDAB further found that, on February 16, 2005, plaintiff met with Willard and informed him that he would not be returning to his employment. The FDAB found that plaintiff's testimony that he did not resign was not credible, and that any actions taken by the school district with regard to plaintiff after plaintiff's resignation were prophylactic legal steps, and consistent with defendants' contention that plaintiff had resigned.

While the FDAB proceeding was pending, plaintiff filed this action in federal court. Plaintiff has not appealed the FDAB decision to the Oregon Court of Appeals, and the time to do so has expired.

After the lawsuit was filed, plaintiff's replacement at Neil Young Middle School, Pete Moshinsky, found two computer floppy disks in plaintiff's former office. These disks, found in a file cabinet among plaintiff's belongings, contained inappropriate and clearly offensive images. Superintendent Jack Musser reported this incident to the Oregon Teachers Standards and Practices Commission (OTSPC). As a result, plaintiff amended his complaint to add claims for defamation and interference with future economic relations. On August 4, 2006, OTSPC concluded that there was insufficient cause for any charge against plaintiff.

Defendants filed a Motion for Summary Judgment [19] on May 16, 2006, claiming that all of plaintiff's employment-related claims require that he was terminated, and that the

PAGE 3 - OPINION AND ORDER

finding by the FDAB that plaintiff resigned has preclusive effect in this federal lawsuit. Defendants also argue that plaintiff's claim for defamation and interference with future economic relationships are insufficient as a matter of law.

**STANDARDS**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Summary judgment is not proper if material factual issues exist for trial. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id*. at 324. Assuming that there has been sufficient time for discovery, summary judgment should be entered against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*. at 322.

Special rules of construction apply to evaluating summary judgment motions: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party; and (3) the court must assume the truth of direct evidence set forth by the nonmoving party if it conflicts with

PAGE 4 - OPINION AND ORDER

direct evidence produced by the moving party. *T.W. Elec. Serv. v. Pac. Elec. Contractors*, 809 F.2d 626, 630 (9th Cir. 1987). When different ultimate inferences can be reached, summary judgment is not appropriate. *Sankovich v. Life Ins. Co. of N. Am.*, 638 F.2d 136, 140 (9th Cir. 1981).

**DISCUSSION**

**1.      Federal Claims**

Defendants assert that they are entitled to summary judgment on plaintiff's FMLA and 42 USC § 1983 claims because the FDAB decision conclusively established that plaintiff resigned and was not terminated.

As a matter of common law, unreviewed final decisions of a state administrative agency may have preclusive effect in federal litigation. *Astoria Federal Savings & Loan Assoc. v. Solimino*, 501 U.S. 104, 107 (1991). Indeed, there is a presumption that preclusion applies except when Congress expressly or impliedly has demonstrated a contrary intent. *Id.* at 110. The Supreme Court has found such congressional intent with regard to Title VII because that statute requires the EEOC to give substantial weight to the findings of state and local authorities in proceedings brought under state or local discrimination law, which implies that those findings are not conclusive. *Id.* The Supreme Court has also held that Congress intended to abrogate common-law preclusion rules when it enacted the Age Discrimination in Employment Act (ADEA). *Id.*

Therefore, the presumption that unreviewed state agency determinations have preclusive effect in later federal litigation is overcome only if the statute pursuant to which federal action is brought demonstrates that Congress intended to abrogate the usual principles of preclusion. The Supreme Court has held that 42 U.S.C. § 1983 shows no

PAGE 5 - OPINION AND ORDER

such intent, therefore the presumption of preclusive effect applies to plaintiff's § 1983 claim. *Univ. of Tennessee v. Elliott*, 478 U.S. 788, 795 (1986).

Neither the Supreme Court nor the Ninth Circuit has addressed whether Congress intended to abrogate the usual principles of preclusion under FMLA. This district, however, has specifically held that "there is no FMLA provision that suggests a state proceeding cannot have preclusive effect in a subsequent FMLA action; therefore, the presumption in favor of preclusion applies." *Bourgo v. Canby School Dist.*, 167 F. Supp. 2d 1173, 1178 (D. Or. 2001). Plaintiff argues that the law is unsettled, or should be revisited by this court. Because *Bourgo* clearly lays out the applicable legal standards and properly concludes that Congress did not intend to abrogate the common law preclusion rules when it enacted the FMLA, this court sees no reason to revisit the issue.

Although this court has found that administrative decisions generally may have preclusive effect in FMLA and 42 U.S.C. § 1983 litigation, it still must address whether the FDAB decision has preclusive effect in this particular action. The FDAB finding may preclude plaintiff's FMLA and § 1983 claims only if: (1) the decision satisfies the fairness requirements outlined in *United States v. Utah Const. & Mining Co.*, 384 U.S. 394, 422 (1966), and (2) the decision is one which would be given preclusive effect by the courts of the same state. *Wehrli v. County of Orange*, 175 F.3d 692, 695 (9th Cir. 1999).

The fairness requirements of *Utah Construction* are: (1) that the administrative agency acted in a judicial capacity, (2) that the agency resolved disputed issues of fact properly before it, and (3) that the parties had an adequate opportunity to litigate. *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1033 (9th Cir. 1994).

Here, plaintiff argues that the FDAB decision does not satisfy the requirements of *Utah Construction* because the FDAB was not acting in a judicial capacity and plaintiff was not given an adequate opportunity to litigate. The availability of judicial review, however, indicates that the FDAB was acting in a judicial capacity, regardless of whether the members of the FDAB panel were lawyers. *See Miller*, 39 F.3d at 1038 (rejecting a claim that preclusive effect must be denied because the administrative decision makers were not necessarily lawyers stating that "the availability of judicial review, even if not always determinative, is of critical importance here").

At the FDAB hearing, the parties disputed whether plaintiff had been terminated or resigned during his conversations with Dave Willard. In making its determination that plaintiff had indeed resigned his position with the school district, the FDAB heard testimony from the parties, the parties submitted briefing, and both parties were represented by counsel. Both parties were able to offer evidence and cross-examine witnesses. Based on this evidence, the FDAB resolved the issue of fact against plaintiff, and found that plaintiff had resigned. Judicial review was available, but plaintiff chose not to appeal the FDAB decision to the Oregon Court of Appeals. Accordingly, the FDAB decision satisfies the fairness requirements of *Utah Construction*.

Under Oregon law, an agency's determination of fact will be given preclusive effect in a later proceeding if five requirements are met: (1) the issue in the two proceedings is identical; (2) the issue was actually litigated and was essential to a final decision on the merits in the prior proceeding; (3) the party sought to be precluded has had a full and fair opportunity to be heard on that issue; (4) the party sought to be precluded was a party or was in privity with a party to the prior proceeding; and (5) the prior proceeding was the

PAGE 7 - OPINION AND ORDER

type of proceeding to which the Oregon Supreme Court will give preclusive effect. *Nelson v. Emerald People's Util. Dist.*, 318 P.2d 1293 (Or. 1993).

As stated above, plaintiff had a full and fair opportunity to litigate with the FDAB. Plaintiff also argues that the issue decided by the FDAB is not identical to the issue presented to this court. The court disagrees. The FDAB found that plaintiff called Dave Willard on February 15, 2005 and told him he would not be returning to his job and wanted to retrieve his personal belongings, and, on February 16, 2005 plaintiff met with Willard and informed him that he would not be returning to his employment.

Plaintiff's § 1983 and FMLA claims fail as a matter of law if plaintiff resigned, as opposed to being terminated by the school district. His § 1983 claim alleges both equal protection and due process violations. Both of these violations are based on the process the school district allegedly used in terminating plaintiff and not renewing his employment contract. If plaintiff's alleged termination, however, was subsequent to plaintiff's own resignation, then plaintiff cannot challenge the procedure the district used in terminating him. Plaintiff's FMLA claim is similarly based on the allegations that the school district's failure to renew plaintiff's contract and his subsequent termination were pretextual and taken to avoid plaintiff's FMLA rights. This claim fails if plaintiff was never terminated, and was found to have resigned before his contract was not renewed. Therefore the issue decided by the FDAB and the issue before this court are identical, *i.e.*, whether plaintiff resigned or was terminated.

Based on the foregoing, the federal requirements for preclusion as established in *Utah Construction* are met by the procedures employed by the FDAB hearing. The issues raised in the FDAB hearing are identical to the issues raised here, those issues were

PAGE 8 - OPINION AND ORDER

actually litigated and were essential to the FDAB determination that plaintiff resigned; plaintiff had a full and fair opportunity to be heard on the issue of whether he resigned; he was a party to the prior proceeding and the agency proceeding was the type of proceeding entitled to preclusive effect.  Because the Oregon requirements for preclusion are met, an Oregon court would give preclusive effect to the state agency determination.  Accordingly, this court must also do so.

The FDAB determination that plaintiff resigned and was not terminated precludes plaintiff's FMLA and § 1983 claims. Both claims fail as a matter of law, and are dismissed with prejudice.

**2.      State Claims**

A district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction."  42 U.S.C. § 1367(a)(3).  "In the usual case in which all federal law claims are eliminated before trial, the balance of the factors to be considered under the pendant jurisdiction doctrine–judicial economy, convenience, fairness and comity–will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *see also Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d. 923, 926 (9th Cir. 2003) (generally noting that it is appropriate for a district court to decline jurisdiction over supplemental state claims when the federal claim was proven to be unfounded).

Accordingly, this court declines to exercise its jurisdiction over the remaining state law claims, and these claims are dismissed without prejudice.

PAGE 9 - OPINION AND ORDER

**CONCLUSION**

For the foregoing reasons, defendants' Motion for Summary Judgment [19] is GRANTED.  Plaintiff's federal claims are dismissed with prejudice and plaintiff's state claims are dismissed without prejudice.

IT IS SO ORDERED.

DATED this   22   day of November, 2006.

                                         /s/ ANCER L. HAGGERTY    
                                        ANCER L. HAGGERTY  
                                      United States District Judge